# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MICHAEL DESOUZA,**

    **Plaintiff,**

                                              Case No.

**v.**

                                              **JURY TRIAL DEMANDED**

**MONDELEZ GLOBAL, LLC, a**
**Foreign Limited Liability Company,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff Michael DeSouza ("DeSouza" or "Plaintiff"), by and through undersigned counsel, brings this Complaint against Defendant Mondelez Global, LLC ("the Company"), and states as follows:

## GENERAL JURISDICTION

1. Plaintiff DeSouza is an individual over the age of 18 years old and is thus *sui juris*.

2. DeSouza currently resides in Hillsborough County, Florida, and did at all times relevant to the allegations herein reside in Hillsborough County, Florida.

3. Defendant Mondelez Global, LLC is a Foreign Limited Liability Company authorized to do business in Florida but with a principal place of business in Illinois.

## DIVERSITY JURISDICTION

4. There is complete diversity of the Parties as DeSouza is a citizen of Florida and Defendant has its principal place of business in Illinois.

5. This is an action for damages which exceed $75,000.00 exclusive of attorneys' fees, costs, and interest.

6. Thus, the Court has diversity jurisdiction over the claims raised herein pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**VENUE**

7. Venue is proper in the United States District Court in and for the Middle District of Florida pursuant to 28 U.S.C. § 1391 as the events giving rise to the claims asserted herein occurred in this District.

8. The Tampa Division is the proper division of the District Court pursuant to Middle District of Florida Local Rule 1.02(b)(4) as the events giving rise to the claims asserted herein occurred in Hillsborough County, Florida.

**GENERAL ALLEGATIONS**

9. DeSouza is a White male over the age of 40.

10. In calendar years 2017 and 2018 the Company employed 20 or more employees.

11. DeSouza was employed by the Company from approximately 1999 to on or about March 30, 2018.

12. During his employment with the Company, DeSouza performed work as an outside sales representative.

13. DeSouza consistently met or exceeded expectations in his position with the Company.

14. DeSouza timely dual-filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission alleging race and age discrimination.

15. More than 180 days has passed since DeSouza filed his charge of discrimination.

16. Thus, DeSouza has fulfilled any and all conditions precedent to the causes of action alleged herein.

17. The Company's unlawful conduct has caused DeSouza to have to retain the services of undersigned counsel to whom he is obligated to pay a fee.

18. DeSouza also expects to incur costs in connection with the pursuit of his claims.

**COUNT I (RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**

19. DeSouza reaffirms and realleges paragraphs 1-18, above, as if fully set forth herein.

20. At all relevant times, the Company was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

21. At all relevant times, DeSouza was an "employee" of the Company within the meaning of Title VII.

22. The Company employed more than 500 individuals in each of the 20 or more calendar weeks in 2017, 2018, and 2019.

23. DeSouza is in a protected class of individuals within the meaning of Title VII by virtue of his race, White.

24. In the course of his employment with the Company in its Nabisco division, DeSouza serviced a Wal-Mart in Brandon, Florida.

25. In early 2018, the department manager at the Wal-Mart DeSouza serviced told DeSouza that she did not trust him and did not want him to service the store any longer.

26. DeSouza suffered an adverse employment action when the Company terminated his employment on or about March 29, 2018.

27. DeSouza was well-qualified to perform the essential functions of his job with the Company.

28. Similarly situated individuals who were not White were treated more favorably than DeSouza for engaging in the same alleged misconduct as DeSouza.

29. To wit: Dwayne Robinson, Mike Fagans, Darien Robinson, and Brandon Morgan were either not terminated or were rehired after being terminated for substantially similar conduct as DeSouza.

30. DeSouza's race was a substantial or motivating factor in the Company's decision to terminate his employment.

31. Despite the Company's large, nationwide status and ample access to human resource professionals and legal counsel, it nevertheless discriminated against DeSouza, thereby demonstrating that it acted with malice or with reckless indifference to DeSouza's federally and/or state-law protected rights.

32. As a direct and proximate result of the Company's unlawful actions, DeSouza has suffered financial damages, such as lost wages and benefits, and emotional damages, including mental anguish and loss of the capacity to enjoy life.

33. DeSouza's damages have occurred, are ongoing, and are likely to continue into the indefinite future.

WHEREFORE DeSouza demands that the Court enter judgment against the Company for the following:

    a. Back pay, including lost wages and benefits to the date of trial;

    b. Front pay or reinstatement;

    c. Compensatory damages, including mental pain, anguish, and loss of capacity to enjoy life;

    d. Prejudgment interest;

    e. Attorneys' fees and costs; and,

    f. Any other relief the Court deems just and proper.

## COUNT II (RACE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992)

34. DeSouza reaffirms and realleges paragraphs 1-18 and 24-33, above, as if fully set forth herein.

35. This claim is brought pursuant to the Florida Civil Rights Act of 1992's ("FCRA") prohibition against race discrimination.

36. At all relevant times, the Company was an "employer" within the meaning of the FCRA.

37. At all relevant times, DeSouza was an "employee" of the Company within the meaning of the FCRA.

38. The Company terminated DeSouza's employment in violation of the FCRA, as described herein.

WHEREFORE DeSouza demands that the Court enter judgment against the Company for the following:

    a.    Back pay, including lost wages and benefits to the date of trial;

    b.    Front pay or reinstatement;

    c.    Compensatory damages, including mental pain, anguish, and loss of capacity to enjoy life;

    d.    Prejudgment interest;

    e.    Punitive damages;

    f.    Attorneys' fees and costs; and,

    g.    Any other relief the Court deems just and proper.

### COUNT III (RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981)

39. DeSouza reaffirms and realleges paragraphs 1-18 and 24-33, above, as if fully set forth herein.

40. This claim is brought pursuant to 42 U.S.C. § 1981's prohibition against race discrimination.

41. The Company terminated DeSouza's employment in violation of 42 U.S.C. § 1981, as described herein.

WHEREFORE DeSouza demands that the Court enter judgment against the Company for the following:

    a.    Back pay, including lost wages and benefits to the date of trial;

    b.    Front pay or reinstatement;

    c.    Compensatory damages, including mental pain, anguish, and loss of

        capacity to enjoy life;

    d.      Prejudgment interest;

    e.      Punitive damages;

    f.      Attorneys' fees and costs; and,

    g.      Any other relief the Court deems just and proper.

### COUNT IV (AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992)

42.    DeSouza reaffirms and realleges paragraphs 1-18, 24-27, 31-33, and 36-37, and above, as if fully set forth herein.

43.    This Count is pled in the alternative to Counts I-III.

44.    DeSouza is in a protected class by virtue of his age, which was 45 years of age at the time of his termination.

45.    DeSouza was treated worse than similarly situated individuals outside of his protected class.

46.    In particular, DeSouza was terminated while other employees who were substantially younger than DeSouza were retained or received lesser sanctions for the same alleged conduct.

47.    But for DeSouza's age, he would have been retained by the Company.

48.    The Company terminated DeSouza in violation of the FCRA.

WHEREFORE DeSouza demands that the Court enter judgment against the Company for the following:

    a.      Back pay, including lost wages and benefits to the date of trial;

    b.      Front pay or reinstatement;

c. Compensatory damages, including mental pain, anguish, and loss of capacity to enjoy life;

d. Prejudgment interest;

e. Punitive damages;

f. Attorneys' fees and costs; and,

g. Any other relief the Court deems just and proper.

**COUNT V (AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION ACT OF 1967, AS AMENDED)**

49. DeSouza reaffirms and realleges paragraphs 1-18, 24-27, 32-33, 36-37, and 43-47, above, as if fully set forth herein.

50. At all relevant times, the Company was an "employer" within the meaning of the Age Discrimination in Employment Act of 1967 ("ADEA").

51. At all relevant times, DeSouza was an "employee" of the Company within the meaning of the ADEA.

52. Despite the Company's large, nationwide status and ample access to human resource professionals and legal counsel, it nevertheless discriminated against DeSouza, thereby demonstrating that it violated the ADEA willfully.

WHEREFORE DeSouza demands that the Court enter judgment against the Company for the following:

a. Back pay, including lost wages and benefits to the date of trial;

b. Front pay or reinstatement;

c. Liquidated damages;

d. Prejudgment interest;

e. Attorneys' fees and costs; and,

f. Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this day 21st of February, 2020.

/s/ Shaina Thorpe
**SHAINA THORPE**
Florida Bar No. 0055464
Primary: Shaina@ThorpeLaw.net
Secondary: Angel@ThorpeLaw.net

**THORPELAW, P.A.**
1228 East 7th Ave., Ste. 200
Tampa, Florida 33605
Telephone: (813) 400-0229
Fax: (813) 944-5223

*Counsel for Plaintiff Michael DeSouza*